Filed 12/14/15  Marriage of Vardi and Eliahu CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of SIGALIT VARDI and EITAN ELIAHU. | H041414 (Santa Clara County Super. Ct. No. FL116729) |
| SIGALIT VARDI, Respondent, v. EITAN ELIAHU, Appellant. | |

## I.  INTRODUCTION

In this marital dissolution action, the trial court issued an order in April 2014 in which the court denied appellant Eitan Eliahu's requests for (1) reimbursement of funds he had voluntarily paid to satisfy a money judgment of the Israel family court that respondent Sigalit Vardi had obtained against Eliahu's mother and sister; (2) reimbursement of attorney fees expended in defending Vardi's Israel family court action before he was dismissed from that case; (3) reimbursement of attorney's fees he had paid to Vardi pursuant to the trial court's 2007 attorney's fees order; (4) placement of a lien on Vardi's accounts with the Israel Collection Agency; (5) placement of a lien on Vardi's new home; and (6) an injunction restraining Vardi from further proceedings in

the courts of Israel. The trial court also awarded Vardi attorney's fees in the amount of $20,000 as sanctions under Family Code section 271.[1]

On appeal, Eliahu, a self-represented litigant, argues that the order should be reversed because the Israel judgment is invalid and constitutes an omitted asset. He also argues that the trial court erred in awarding sanctions under section 271 to Vardi. For the reasons stated below, we will affirm the order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Prior Proceedings*

Eliahu and Vardi were married in Israel in 1993, moved to the United States in 1997, and separated in 2004.[2] The record reflects that on June 26, 2007, the trial court awarded Eliahu the amount of $764,742.84 as reimbursement of his separate property contributions to the parties' marital home in Los Altos. The basis for the 2007 award was the trial court's finding that Eliahu had received a total of $781,475.63 in gift funds from his mother, Janet Eliahu, and his sister Iris Lev,[3] that were the source of his separate property contributions to the Los Altos home. The trial court found that the evidence did not support Vardi's claim that the funds that Eliahu had received from his mother and sister were community property funds.

The trial court also granted Eliahu's request for attorney's fees. The court's initial attorney's fees order, filed May 8, 2007, awarded Eliahu $62,464.95 in attorney's fees. After Vardi's motion for reconsideration, the trial court reduced the attorney's award to

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

[2] On our own motion, we take judicial notice of the prior opinion in *Marriage of Vardi and Eliahu* (Jan. 14, 2014, H038931, H039676) [nonpub. opn.]. (Evid. Code, § 452, subd. (d)(1).) Our summary of the factual and procedural background includes some information that we have taken from the prior opinion.

[3] Since Eliahu's family members have the same surname and to maintain consistency with the trial court's usage, we will refer to them by their first names for purposes of clarity and not out of disrespect.

2

$30,000 in its order of July 12, 2007. The July 12, 2007 attorney's fees order was not appealed.

In the meantime, Vardi initiated proceedings in the Israel Family Matter Court against Eliahu, his mother, and his sister, in which Vardi sought recovery of $382,371.42 as her share of the funds that she and Eliahu had entrusted to Janet and Iris in Israel. In July 2012, the Israel family court found that Eliahu and Vardi had transferred $944,539 to Janet and Iris in trust and one-half of that sum belonged to Vardi. Vardi was awarded $387,371, to be paid by Janet and Iris, since that was the amount Vardi had claimed. Eliahu was dismissed from the case and awarded his attorney's fees, legal costs, and travel expenses, which Vardi's attorney in Israel states that she has paid in full. The record reflects that Janet and Iris appealed and the judgment was upheld by the Israel Civil Appeals Court. Their appeal to the Israel Supreme Court was rejected.

**B.** *Eliahu's December 2013 Motion*

The issues in the present appeal arise from Eliahu's December 6, 2013 "motion" for an "order for reimbursement of separate property funds" and "anti-suit injunction." In his motion, Eliahu requested that (1) a writ of execution be levied on Vardi for reimbursement of the $150,000 he paid to satisfy the Israel family court judgment; (2) a writ of execution be levied on Vardi's Israel Collection Agency files; (3) a lien be placed on the $1.4 million house that Vardi had recently purchased with her boyfriend; (4) Vardi be ordered to reimburse him in the amount of $60,464.95 for the attorney's fees he was ordered to pay in 2007; and (5) an anti-suit injunction issue to restrain Vardi from further proceedings in the courts of Israel because she had circumvented the ruling of the California court that the funds entrusted to his mother and sister were his separate property. In a supplemental memorandum, Eliahu also argued that the Israeli judgment was unenforceable in California and should have been barred under the doctrine of collateral estoppel, since the issue raised in the proceedings in Israel was identical to the issue previously decided in the California court. Alternatively, Eliahu argued that any

3

funds held in trust for Vardi in Israel constituted an omitted asset that was not disclosed in this action.

Vardi opposed the motion, contending that (1) Eliahu had not provided any evidence to show that he had paid the Israeli judgment, and even if he had, he was a volunteer since only his mother and sister were obligated on the judgment; (2) no judgment against Vardi existed and therefore she was not a judgment debtor whose property was subject to a writ of execution or a lien; (3) the Israel court had decided a different issue (whether Vardi and Eliahu had entrusted funds to his mother and sister such that one-half should be returned to Vardi) than the issue decided by the California court (whether Eliahu had funded the Los Altos house purchase with gifts from his family); (4) there was no legal basis for Eliahu's claim that Vardi should reimburse him for the court-ordered attorney's fees he had previously paid; and (5) the court has no power to stay the execution of the Israel judgment, and therefore an anti-suit injunction was inappropriate. Vardi also asserted that she is not attempting to enforce the Israeli judgment in California. She requested an award of at least $20,000 in attorney's fees for having to oppose Eliahu's meritless motion.

Each party submitted the declaration of an attorney who opined regarding the commonality of the issues determined in the Israel and California family court proceedings.

### C. *The Trial Court's Order*

In its order of April 28, 2014, the trial court denied all of Eliahu's requests. At the outset, the trial court determined that the legal conclusions of the purported attorney experts regarding the commonality of issues in the Israel and California family court proceedings were unauthorized and would not be considered.

The trial court then determined that "[t]he claim underlying the California judgment is [Eliahu's] claim of reimbursement for separate property gifts that he traced to the purchase of the marital residence, pay down of the mortgage, and improvements.

4

The claim underlying the Israel judgment is [Vardi's] claim of entitlement to one half the funds that she and [Eliahu] entrusted to Iris and Janet during the marriage. There is no commonality of issues or parties between the claim that [Eliahu] litigated in the California proceedings and the claim that [Vardi] litigated in the Israel proceedings." The court also rejected Eliahu's contentions that collateral estoppel should apply to invalidate the Israel judgment or, alternatively, that the Israel judgment constituted an omitted asset.

Regarding Eliahu's request for reimbursement of funds that he had paid to satisfy the Israel judgment, the trial court ruled that even if there was a basis for nonrecognition of the judgment under the Uniform Foreign Country Money Judgments Recognition Act (Code Civ. Proc., § 1716, subd. (a); hereafter the Act), Eliahu had not established any of the grounds for nonrecognition. And even if a basis for nonrecognition was proven, the trial court determined that it could not issue orders to undo the effect of a foreign country money judgment.

Similarly, the trial court determined it did not have legal authority to order a party to reimburse the other party for attorney's fees incurred in a foreign country legal proceeding, to order a lien placed on accounts with the Israel Collection Agency, or to undermine the Israel judgment by allowing Eliahu to place a lien on Vardi's California property.

As to Eliahu's request for an anti-suit injunction to prevent Vardi from proceeding further in the Israel courts, the trial court determined that Eliahu had neither shown that Vardi currently had a claim pending against him in the Israel courts nor provided any legal authority authorizing an anti-suit injunction on behalf of third parties.

The trial court also denied Eliahu's claim for reimbursement of attorney's fees he had paid to Vardi pursuant to the July 2007 order. The court found that Eliahu had misstated the facts and that Vardi's current financial situation had no bearing on an award of need-based attorney's fees to her in 2007 under section 2030.

5

Finally, the trial court granted Vardi's request for attorney's fees as sanctions, stating: "The Court finds that [Eliahu's] conduct in filing and maintaining this Order to Show Cause [motion] has frustrated the policy of the law to promote settlement of litigation and, where possible, reduce the cost of litigation. The Order to Show Cause was legally and factually baseless. Additionally, throughout the litigation of this Order to Show Cause, [Eliahu] made numerous factual and legal assertions that were either devoid of factual or evidentiary support, or demonstrably false. The Court finds that [Eliahu's] conduct warrants sanctions under section 271."

Based on these findings, the trial court awarded sanctions under section 271 to Vardi in the amount of $20,000, further finding that "this sanction will not impose an unreasonable financial burden upon [Eliahu]." Eliahu's request that attorney's fees be awarded against Vardi as sanctions under section 271 was denied.

### III. DISCUSSION

Eliahu filed timely a notice of appeal from the April 28, 2014 order. We understand Eliahu to contend in this appeal that the order should be reversed because the Israel judgment is invalid and constitutes an omitted asset, and the trial court erred in awarding sanctions under section 271 to Vardi. Since Eliahu does not challenge the other rulings included in the April 28, 2014 order, any issues pertaining to those rulings have been forfeited and we will not consider them. (See *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4; *Estate of Sobol* (2014) 225 Cal.App.4th 771, 783.)

#### A. *Validity of Israel Judgment*

In its April 28, 2014 order, the trial court noted that "[t]he underlying premise of most of [Eliahu's] requests for relief is his contention that the Israel judgment is invalid." The trial court also determined that although the Act applied to the Israel judgment, it was doubtful that Eliahu had standing to resist recognition of the Israel judgment in California. In addition, the court stated that even if Eliahu had standing, the remedy

6

under the Act would simply be nonrecognition of the Israel judgment, since the Act does not authorize the court to undo the effect of a foreign-country money judgment.

We glean from Eliahu's briefs the following arguments regarding the validity of the Israel judgment. First, Eliahu argues that the claims Vardi made in the Israel court regarding her interest in the funds held in trust by Eliahu's mother and sister in Israel are the same claims that she made in this case regarding her interest in the funds that Eliahu's mother and sister gave to him to purchase the Los Altos house. He therefore contends that Vardi should have been barred under the principles of res judicata and collateral estoppel from making those claims in the Israel court. Second, Eliahu argues that the trial court erred in "giving credibility" to the Israel court's findings that Vardi was entitled to one-half of the $944,539 entrusted to Eliahu's mother and sister and deciding that the Act applies to the Israel judgment.

Vardi responds that the issues decided in the Israel and California court proceedings were different, since the California court decided that Eliahu had purchased the Los Altos house with gift funds from his mother and sister, while the Israel court decided that his mother and sister held funds in trust for Eliahu and Vardi and had refused to return one-half of the funds to Vardi. Additionally, Vardi asserts that her Israel judgment involves only Eliahu's mother and sister, and there is no Israel money judgment against Eliahu.

We are not convinced by Eliahu's arguments because he has not provided any legal authorities for the proposition that he has a right to challenge the validity of the Israel judgment in this California marital dissolution action. An important rule of appellate procedure is that the trial court's judgment or order is presumed correct and on appeal, error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) The appellant therefore has the burden of raising claims of "reversible error or other defect" and to " 'present argument and authority on each point made' [citations]." (*In re Sade C.* (1996) 13 Cal.4th 952, 994 (*Sade C.*).)

7

Here, the record reflects that Eliahu was dismissed from the Israel family court proceedings and the Israel money judgment in the amount of $387,371 is to be paid by Eliahu's mother, Janet, and his sister, Iris. In other words, Eliahu is not obligated to pay the Israel judgment because he is not the judgment debtor. The record further reflects that Janet and Iris are citizens of Israel living in Israel and Vardi has not attempted to enforce the Israel judgment in California. Eliahu presents many arguments regarding the validity of the Israel judgment, but he has presented no legal authorities to support a right to challenge an Israel money judgment in a California court by a person who, like Eliahu, is not the judgment debtor. The absence of legal authority shows that Eliahu has not met his burden to affirmatively show reversible error. (See *Sade C, supra,* 13 Cal.4th at p. 994.)

Similarly, Eliahu has not provided any legal authorities that would indicate that the Act has any application in this marital dissolution action with respect to the Israel judgment. The Act "applies to foreign-country judgments that grant or deny recovery of a sum of money and that are final, conclusive, and enforceable under the law of the foreign country. ([Code Civ. Proc.,] §§ 1715, subd. (a), 1724.) The Act allocates the burden of proof for establishing whether a foreign-country money judgment is within the scope of the Act and whether there is any ground for not recognizing the existence of the judgment. ([Code Civ. Proc.,] §§ 1715, subd. (c), 1716, subd. (d).) The party seeking recognition of a foreign-country money judgment has the burden to establish entitlement to recognition under the Act, while the party resisting recognition has the burden of establishing a specified ground for nonrecognition. ([Code Civ. Proc.,] §§ 1715, subd. (c), 1716, subd. (d).) The Act specifies that if the trial court finds that a foreign-country money judgment is entitled to recognition in California then, to the extent the judgment grants or denies recovery of a sum of money, it is conclusive between the parties to the same extent as the judgment of a sister state entitled to full faith and credit in this state would be conclusive, and the foreign-country money judgment is enforceable

8

in the same manner and to the same extent as a judgment rendered in this state. ([Code Civ. Proc.,] § 1719.)" (*Hyundai Securities Co., Ltd. v. Lee* (2015) 232 Cal.App.4th 1379, 1386.)

Again, the record reflects that Vardi has not attempted to enforce the Israel judgment in California pursuant to the Act and, in any event, Eliahu is not the judgment debtor. Absent any legal authorities to support the proposition that the Act authorizes the trial court to invalidate a foreign-country money judgment at the request of a person who is not the judgment debtor, Eliahu has not met his burden to affirmatively show reversible error. (See *Sade C, supra,* 13 Cal.4th at p. 994.)

**B.** *Omitted Asset*

In the proceedings below, Eliahu argued that the Israel judgment constituted an omitted asset that should be divided between the parties pursuant to section 2556. The trial court declined to address the issue since Eliahu had not brought a post-judgment motion to obtain adjudication of an omitted asset and therefore the issue was not properly before the court.

On appeal, Eliahu contends that the issue was properly before the court because he argued in the proceedings below that if the trial court concluded that there were community assets in Israel, the assets should be adjudicated as an omitted asset under section 2556. We find no merit in this contention, based on the plain language of section 2556.

Section 2556 provides: "In a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court has continuing jurisdiction to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding. *A party may file a postjudgment motion or order to show cause in the proceeding* in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment. In these cases, the court shall equally divide the omitted or unadjudicated

9

community estate asset or liability, unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset or liability." (Italics added; see, e.g., *In re Marriage of Mason* (1996) 46 Cal.App.4th 1025, 1027.)

Having reviewed the record on appeal, we determine that Eliahu's motion for an "order for reimbursement of separate property funds" and "anti-suit injunction" did not include a request to obtain an adjudication of an omitted asset. In his supplemental memorandum, Eliahu argued in the alternative that if the trial court accepted the Israel court's finding that Eliahu's mother and sister were holding money in trust during the parties' marriage, the trust funds were an omitted asset that should be awarded to Eliahu under section 2556. The record therefore shows that Eliahu did not file a proper "postjudgment motion or order to show cause in the proceeding in order to obtain adjudication" of an omitted asset. (§ 2556.) For that reason, we determine the trial court did not err in declining to address the omitted asset issue.

## C. *Sanctions under Section 271*

The trial court awarded sanctions under section 271[4] to Vardi in the amount of $20,000, further finding that "this sanction will not impose an unreasonable financial burden upon [Eliahu]." The sanctions award was based on the trial court's findings that Vardi was "absolutely correct in her assertions that [Eliahu's] Order to Show Cause is

---

[4] Section 271, subdivision (a) provides: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

both legally and factually baseless." Specifically, the court found that Eliahu had made many factual misstatements, including falsely claiming that no community funds were given to his mother and sister during the marriage and also falsely claiming that he was a party to the Israel judgment. The court also stated: "[T]hroughout the litigation of this Order to Show Cause, [Eliahu] made numerous factual and legal assertions that were either devoid of factual or evidentiary support, or demonstrably false."

Section 271 advances the policy of the law " 'to promote settlement and to encourage cooperation which will reduce the cost of litigation.' " (*In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177.) Thus, "[f]amily law litigants who flout that policy by engaging in conduct that increases litigation costs are subject to the imposition of attorneys' fees and costs as a sanction. [Citations.]" (*Ibid.*; see also *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 827 (*Falcone & Fyke*).)

The standard of review for an order imposing sanctions under section 271 is abuse of discretion. (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478.) " ' " '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order.' " ' [Citation.] 'In reviewing such an award, we must indulge all reasonable inferences to uphold the court's order.' [Citation.]" (*Ibid.*)

Eliahu argues that the trial court erred in awarding sanctions under section 271 because the court accepted Vardi's evidence instead of his sworn statements, and because the award of $20,000 imposes an unreasonable financial burden on him and the court did not take Vardi's superior financial position into consideration.

We understand Eliahu to therefore contend that the trial court erred in awarding sanctions under section 271 because the award is not supported by substantial evidence, either as to the factual basis for the award or as to whether the award imposes an unreasonable financial burden on him. These contentions are not convincing because Eliahu has failed to meet his burden as an appellant. "[A]ppellants who challenge the

11

decision of the trial court based upon the absence of substantial evidence to support it ' "are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence.* Unless this is done the error is deemed waived." [Citations.]' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246, quoting *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) Here, Eliahu has set forth some of his own evidence, but he has not included any of Vardi's evidence in his briefs. His contentions are therefore waived. (See *ibid.*)

Even assuming, however, that Eliahu had set forth all of the material evidence on this issue, we determine that the trial court did not abuse its discretion awarding sanctions under section 271 because Eliahu's motion for "order for reimbursement of separate property funds" and "anti-suit injunction" was legally baseless. As the trial court pointed out, "[t]he underlying premise" of Eliahu's motion was his contention that the Israel judgment was not valid. Eliahu is not the judgment debtor on the Israel judgment and, as we have discussed, he provided no legal authorities to support his right to challenge the Israel judgment in a California court. By filing a motion that was legally baseless, Eliahu engaged in conduct that increased litigation costs and subjected him to the imposition of monetary sanctions under section 271. (See *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 827.)

## IV. DISPOSITION

The April 28, 2014 order is affirmed. Costs on appeal are awarded to respondent.

12

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.