Filed 2/11/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| NICOLE GEORGE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>KAYVON SHAMS-SHIRAZI,<br><br>          Defendant and Appellant. | A155158<br><br>(San Francisco County<br>Super. Ct. No. FMS-15-386673) |

In this child custody matter, appellant Kayvon Shams-Shirazi seeks relief from an order awarding respondent Nicole George $13,000 in attorney fees as sanctions under Family Code section 271.[1]  On appeal, he contends the ruling is subject to reversal because the motion for sanctions was untimely filed.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties, who were never married, have one child together. Following a child custody hearing in January 2017, the trial court entered an order giving respondent sole physical and legal custody. In June 2017, appellant filed a request to set aside the custody order under Code of Civil Procedure section 473, subdivision (b), on the ground of surprise.  He also sought to change the existing custody and timeshare orders.  The trial court denied appellant's request and denied, without prejudice, respondent's

---

[1] All statutory references are to the Family Code unless otherwise stated.

request for attorney fees under sections 271 and 2030.[2] The court filed its findings and order after hearing on August 7, 2017, and served its ruling on the parties that same day.

In September 2017, appellant filed a second request to modify the January 2017 custody order. The trial court denied his request and denied respondent's request for section 271 sanctions. On March 21, 2018, respondent again sought sanctions under section 271 relating to appellant's June 2017 motion to set aside or modify the custody order. Appellant filed an objection but did not challenge the motion on the basis of timeliness.

On May 1, 2018, the trial court ordered appellant to pay respondent $10,000 in sanctions under section 271. Appellant then filed an ex parte motion for reconsideration under Code of Civil Procedure section 1008, arguing for the first time that respondent's sanction request was untimely under California Rules of Court, rule 3.1702(b).[3] The trial court denied appellant's motion for reconsideration, finding he had failed to demonstrate new facts, circumstances, or law. On June 6, 2018, the court entered an order awarding respondent $10,000 in attorney fee sanctions for defending against appellant's June 2017 motion to set aside the custody order. The court separately awarded her $3,000 in attorney fee sanctions for having to defend appellant's ex parte motion for reconsideration.

## DISCUSSION

Section 271 authorizes the trial court to award attorney fees and costs in family law litigation where a party's conduct "frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost

---

[2] Section 2030 is not applicable as it pertains to dissolution proceedings.

[3] All further rule references are to the California Rules of Court.

of litigation by encouraging cooperation between the parties and attorneys." (§ 271, subd. (a).) "An award of attorney's fees and costs pursuant to this section is in the nature of a sanction." (*Ibid*.) Appellant's sole claim on appeal is that the trial court erred in awarding sanctions to respondent because her March 21, 2018 request was untimely under rule 3.1702(b).

Before addressing the merits of this claim, we clarify two other matters. The parties disagree as to the relevant standard of review. Although a trial court's ruling on the propriety of an attorney fees award is generally reviewed under an abuse of discretion standard, "the determination of whether the trial court had the statutory authority to make such an award is a question of law that we review de novo." (*Carpenter v. Jack in the Box Corp*. (2007) 151 Cal.App.4th 454, 460.) Because appellant asserts that sanctions were awarded in contravention of time constraints imposed under the rules of court, we review this pure question of law de novo.

The parties also dispute whether appellant's argument was forfeited because he had not raised the timeliness issue in his initial opposition below. It was not forfeited. While the denial of a motion for reconsideration is usually not an appealable order, the denial is reviewable if the request for reconsideration is made from an appealable order. (Code Civ. Proc., § 1008, subd. (g); *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577.) An order awarding attorney fee sanctions under 271 is an appealable order. (See *In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 5 & fn. 4 (*Freeman*) [reviewing timeliness of sanctions granted under section 271 in postjudgment order]; Code Civ. Proc., § 904.1, subd. (a)(2).) Respondent contends that because appellant's assertion of untimeliness forms the whole basis of his appeal, "it is inherently and entirely separate from the underlying appealable order." No authority supports this phantom requirement that appellant must

3

raise a separate appealable claim to also obtain review of matters raised in the motion for reconsideration. So long as the "order that was the subject of the motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (Code Civ. Proc., § 1008, subd. (g).)

Turning to the merits, we conclude appellant's claim of error fails because the rule of court he relies upon does not apply to postjudgment claims for attorney fees awarded under section 271. Rule 3.1702 "applies in civil cases to claims for statutory attorney's fees . . . ." (Rule 3.1702(a).) Rule 3.1702(b), the provision cited by appellant, states as follows: "A notice of motion to claim attorney's fees for services *up to and including the rendition of judgment in the trial court*—including attorney's fees on an appeal before the rendition of judgment in the trial court—must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108." (Rule 3.1702(b)(1), italics added.)

Under rule 8.104, a notice of appeal must be filed within 60 days after service (whether by the superior court clerk or by a party) of a notice of entry of judgment or a file-stamped copy of the judgment. (Rule 8.104(a)(1)(A)-(B).) If there is no notice, the notice of appeal must be filed within 180 days after "entry of judgment." (Rule 8.104(a)(1)(C).) Rule 8.108 extends the time to appeal under exceptions not applicable here.

Appellant maintains that respondent filed her request for sanctions 226 days after the trial court served its August 7, 2017 order denying his request to set aside or modify the January 2017 custody order. He contends respondent was required to have filed her request within 60 days of the court's service under rules 3.1702(b) and 8.104(a). Respondent argues that rule 3.1702 does not apply to her sanctions request because the attorney fees

4

in question were incurred *after* entry of the trial court's January 2017 custody order—an order properly characterized as a final judgment. Respondent has the better argument.

On its face, rule 3.1702 prescribes filing periods for motions to recover attorney fees incurred prior to judgment and for fees incurred on appeal. It says nothing about *postjudgment* fees. In *Crespin v. Shewry* (2004) 125 Cal.App.4th 259 (*Crespin*), this court held that former rule 870.2 (renumbered as current rule 3.1702) "does not apply to fee applications for services rendered in the trial court *after* judgment . . . ." (*Crespin*, at p. 271, italics added.) In that case, a permanent injunction was obtained in 1993 requiring the Department of Health Services (DHS) to provide certain restricted Medi-Cal benefits to undocumented aliens. (*Id.* at p. 262.) In 1998 and 2000, the DHS moved unsuccessfully for orders dissolving or modifying portions of the injunction. In 2003, the trial court awarded the plaintiffs their attorney fees and expenses for defending the injunction.[4] The DHS challenged the award, contending the plaintiffs' fee motion was untimely under former rule 870.2. (*Crespin*, at pp. 262–263.) We affirmed, reasoning that the rule was not intended to govern the deadline for filing motions arising from postfinal judgment activities, such as litigation over modifications to a permanent injunction. (See *id.* at pp. 266–268 [analyzing at length the text and drafting history of former rule 870.2].)

In so holding, we rejected the DHS's argument that the word "judgment" in subdivision (b)(1) of former rule 870.2 includes any appealable order, whether entered before or after judgment. (*Crespin*, *supra*,

---

[4] The award of attorney fees was authorized under Code of Civil Procedure section 1021.5 for successful litigation of a matter "which has resulted in the enforcement of an important right affecting the public interest . . . ."

5

125 Cal.App.4th at p. 265.)  While it refers to former rules 2 (current rule 8.104) and 3 (current rule 8.108), which define the word "judgment" to include appealable orders, we concluded that "by its express terms, [rule 870.2(b)(1)] merely borrows the *time limits* for filing a notice of appeal set forth in rules 2 and 3." (*Crespin*, at p. 266.)  We explained that the special definitions of "judgment" "are specific to the subject matter of rules 2 and 3:  setting a readily determinable time limit for filing a notice of appeal.  It makes perfect sense in that context to have a single time limit applicable to both judgments and appealable orders." (*Crespin*, at p. 266.)  On the other hand, "[former] [r]ule 870.2 addresses an entirely different subject:  setting a time limit for seeking attorney fees.  For that purpose, there is no obvious reason to impose the same time limit for bringing fee motions after entry of appealable orders and judgments.  If anything . . . such an equation would promote piecemeal litigation over fees, which the drafters of [former] rule 870.2 wanted to avoid." (*Crespin*, at p. 266.)

We also rejected the DHS's alternative argument that the trial court's denial of the 1998 and 2000 motions to modify the injunction were themselves "final judgments" for purposes of the deadline for filing a fee motion. (*Crespin*, *supra*, 125 Cal.App.4th at pp. 270–271.)  A permanent injunction is in essence executory or continuing in nature, creating no right but merely assuming to protect a right from unlawful and injurious interference.  It is always subject, upon a proper showing, to modification or dissolution by the court which rendered it. (*Id*. at p. 270.))  Therefore, neither of the post-injunction orders were in the nature of a final judgment:  neither order finally determined all issues or ended the litigation as to any party. (*Ibid*.)

The reasoning in *Crespin* applies with equal force here. Contrary to appellant's contention, the August 7, 2017 order denying his request to set aside the custody order was not a "judgment" under rule 3.1702(b). While the denial of his motion was an appealable order for purposes of rule 8.104(a), it was not a final judgment because the order did not finally determine all issues or end the litigation between the parties. (See *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [" 'A judgment is the *final* determination of the rights of the parties . . .' (Code Civ. Proc., § 577) . . . ' "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' "].) In contrast, the January 2017 custody order awarded respondent sole physical and legal custody of the parties' child and was entered after a contested evidentiary hearing on the merits. Such an order normally constitutes a final judgment. (See *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377–1378.)[5] All subsequent orders, including the court's August 2017 order denying appellant's motion to modify or set aside the custody order, and the June 2018 orders imposing attorney fee sanctions under section 271, were orders addressing postfinal judgment litigation activities. Because the sanctions at issue here were awarded for attorney fees incurred *after* entry of the court's January 2017 judgment, rule 3.1702 does not apply.

That is not to say that a postjudgment motion for sanctions under section 271 may be postponed indefinitely. Courts have broad flexibility to

_____

[5] That the January 2017 custody order arose in the context of a show-cause hearing, as appellant pointed out at oral argument, is of no moment. " 'It is not the form of the decree but the substance and effect of the adjudication which is determinative' " of whether an order is a final judgment. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.)

7

award sanctions under section 271 during the course of litigation to address uncooperative behavior between the parties or "at the end of the lawsuit, 'when the extent and severity of the party's bad conduct can be judged.' " (*Freeman*, *supra*, 132 Cal.App.4th at p. 6; *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1495.) But such discretion is not boundless, and postjudgment requests for statutory attorney fees can be denied under the equitable principle of laches if the delay in filing unfairly prejudices the other party. (See *Crespin*, *supra*, 125 Cal.App.4th at pp. 271–272.)

"Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that 'equity aids the vigilant, not those who sleep on their rights.' " (*Magic Kitchen LLC v. Good Things Internat., Ltd.* (2007) 153 Cal.App.4th 1144, 1156.) " ' "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." ' " (*Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1521.) However, " '[d]elay alone ordinarily does not constitute laches . . . .' 'What makes the delay unreasonable in the case of laches is that it results in prejudice.' " (*Id.* at pp. 1521–1522.) The burden is on the party asserting laches to demonstrate the delay was prejudicial and thus unreasonable. (*Id.* at p. 1522.) " ' "A defendant has been prejudiced by a delay when the assertion of a claim available some time ago would be 'inequitable' in light of the delay in bringing that claim . . . [and] ensues when a defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed." ' " (*Magic Kitchen*, at p. 1161.)

Appellant asserts he was prejudiced because respondent's sanction request coincided with his wife having to take five months of medical leave from her job in connection with the birth of their child. He also claims

respondent delayed filing the motion so that the matter would be heard by a new judge, rather than by the judge who denied her section 271 sanction request in January 2018. These are inadequate grounds to demonstrate prejudice. Appellant does not show that any change in his position was caused by respondent's delay in filing her sanction request. Nor does he explain how the substitution of a new judge was prejudicial to him, particularly as he does not challenge the merits of the court's sanctions ruling. We conclude the trial court did not abuse its discretion in awarding respondent $13,000 in sanctions.

## DISPOSITION

The orders for sanctions are affirmed. Respondent is awarded costs on appeal.

9

_____
Sanchez, J.

WE CONCUR:


_____
Humes, P. J.


_____
Banke, J.


*A155158  George v. Shams-Shirazi*

10

Trial Court:        San Francisco County Superior Court

Trial Judge:        Hon. Richard C. Darwin

Counsel:        Pierson, Coats, Palash & Paul, Andrea Palash, for Respondent

Kayvon Shams-Shirazi, in pro. per., for Appellant

*A155158  George v. Shams-Shirazi*

11