[No. B093404. Second Dist., Div. Six. June 24, 1996.]

In re the Marriage of MARJORIE M. and RAYMOND L. MASON.
MARJORIE M. MASON, Respondent, v.
RAYMOND L. MASON, Appellant.

## COUNSEL

Joel A. Ungar for Appellant.

C. Richard Whiston for Respondent.

## OPINION

**YEGAN, J.**—Application of the res judicata principle compels affirmance of the trial court's postjudgment order denying Raymond L. Mason's (husband) motion to adjudicate an alleged "omitted" asset. We impose attorney

fees for this frivolous appeal. (Fam. Code, § 271.) Hopefully, this published opinion will deter husband and others from bringing repetitive challenges to the trial court's orders.

On March 26, 1993, husband and Marjorie Mason (wife) agreed to dissolve their marriage. Wife, age 65, operated a residential care facility, the Mason Home Care Facility, at home and closed the business due to her ill health. The parties, by stipulated judgment, allocated $1.6 million in separate and community property to husband and $574,000 in assets to wife. Husband was awarded the family residence. Wife received the business account ($6,774), a computer, and a station wagon. The stipulated judgment provided: "Husband shall pay to Wife as monthly spousal support the sum of $5,500 for the months of April, May, and June, 1993. . . . After that date, each of the parties irrevocably waives the right to receive spousal support from the other. . . ." Judgment was entered April 19, 1993.

Two months later, husband moved to set aside the judgment on the ground that wife had concealed income and was reopening the care facility. Husband claimed that she deceived him concerning the value of the business, her income, and her ability to reopen the business. The trial court denied the motion to set aside the judgment. The court found that wife "intended to close down the board and care [facility] which had been operated from their residence. In fact it was closed."

Husband appealed. We affirmed in an unpublished opinion and held that husband could not set aside the property division solely because wife was industrious or had the good fortune to locate another place to operate a care facility.

Undaunted, husband filed an order to show cause to divide business goodwill. He relied upon Family Code section 2556 which, in pertinent part, provides: "In a proceeding for dissolution of marriage, . . . the court has continuing jurisdiction to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding. A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment." (See also *Henn* v. *Henn* (1980) 26 Cal.3d 323, 330-331 [161 Cal.Rptr. 502, 605 P.2d 10].)

Represented by counsel, husband claimed that the goodwill component of the business was an omitted asset and worth $157,000. The trial court, in denying the motion, found that the "business was not an omitted asset. It was

a known asset. It was a[n] asset of which there was a division. They divided it. They divided the physical assets of this business. And if [husband] . . . didn't raise the goodwill issue that's his tough luck. But this is an adjudicated asset, it's not [a]n omitted asset. [¶] And there's no way that you can transform this from an adjudicated asset to an omitted asset simply by arguing that your client didn't raise the issue of goodwill at the proper time."

■ We do not reach the merits of the goodwill issue on this appeal. The prior motion to set aside the property division was based on the theory that wife deceived husband and concealed her ability to reopen the business. Husband lost in the trial court and lost on appeal. The doctrine of res judicata bars husband from resurrecting the fraud claim based on the new theory that business goodwill was an "omitted" asset. " 'A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable.' [Citation.]." (*Henry* v. *Clifford* (1995) 32 Cal.App.4th 315, 321 [38 Cal.Rptr.2d 116].) Were the rule to the contrary husband could search for yet a new theory and mount a third attack upon the stipulated judgment.

■ Wife contends that the appeal is frivolous. We agree and treat the request for sanctions (see *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 645 [183 Cal.Rptr. 508, 646 P.2d 179]) as a simple request for attorney fees on appeal. (E.g., *In re Marriage of Martin* (1991) 229 Cal.App.3d 1196, 1201-1202 [280 Cal.Rptr. 565].) Attorney fees are proper where a spouse engages in conduct that frustrates a settlement and increases the cost of litigation. (Fam. Code, § 271.) So too here. "[S]omewhere along the line, litigation must cease." (*In re Marriage of Crook* (1992) 2 Cal.App.4th 1606, 1613 [3 Cal.Rptr.2d 905]; *In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 414 [6 Cal.Rptr.2d 791].)

The judgment is affirmed. The trial court shall determine the amount of attorney fees that husband shall pay to wife. Costs on appeal to wife.

Stone (S. J.), P. J., and Gilbert, J., concurred.