[No. B177397. Second Dist., Div. Four. Aug. 22, 2005.]

In re the Marriage of NORDA and DONALD A. FREEMAN.
NORDA R. FREEMAN, Appellant, v.
DONALD A. FREEMAN, Respondent.

4

COUNSEL

Nick A. Alden for Appellant.

Law Offices of Donald S. Sherwyn and Donald S. Sherwyn for Respondent.

OPINION

**EPSTEIN, P. J.**—Following her unsuccessful appeal, the trial court imposed an attorney fee sanction against Norda R. Freeman in this long-running family law litigation. The order was made on a Family Code section 271[1] motion of her husband, Donald A. Freeman.[2] Norda challenges the fee award in this appeal. Among other arguments presented is her claim that Donald failed to satisfy the requirement of California Rules of Court, rule 870.2(c),[3] that an application for postjudgment attorney fees incurred on an appeal be filed within the time limitation of that rule. We agree and, since the issue is dispositive, it is necessary to reverse the trial court's order. We do not reach the other issues Norda raises in the appeal.

## FACTUAL AND PROCEDURAL SUMMARY

This appeal is one of several generated in this proceeding, which appears to be unusually litigious even for its genre. The litigation began with Norda's petition for dissolution and related relief, filed in 1995. In the course of that proceeding, the marital property was divided and Donald was ordered to make an equalizing payment to Norda of $315,774. Donald filed for bankruptcy protection, which was heavily contested. He ultimately obtained a discharge of the equalizing payment obligation. He then asked Norda to dismiss the appeal she had filed challenging the trial court's order, urging that nothing practical could come of it in light of the discharge in bankruptcy and his impecunious position. Norda did not dismiss the appeal, which proceeded to resolution by this court in a formal opinion.

---

[1] Further statutory references are to the Family Code except where another code is identified.

[2] From this point forward, we follow the convention in family law cases of referring to the parties by their respective first names, as the parties themselves do in their briefing. Obviously, no disrespect is intended.

[3] All further references to rules are to the California Rules of Court.

In that unpublished opinion we reviewed Norda's several arguments and found merit in none. The judgment of the trial court was affirmed in full. Responding to Donald's request for sanctions against Norda for bringing a frivolous appeal, we said, "We would be inclined to award sanctions on the basis that the appeal is utterly lacking in merit (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637 [183 Cal.Rptr. 508, 646 P.2d 179]), but decline respondent's request as he failed to file the requisite motion and supporting declaration." We also declined to raise the issue on our own motion.

Our opinion was filed on October 31, 2003. The remittitur was issued on January 2, 2004. On the same day, a copy was sent to all counsel. Donald filed his application for section 271 fees on April 7, 2004, some 96 days after the notice of remittitur was sent. In it, he sought attorney fees for conduct that unnecessarily increased the cost of litigation. This was based on Norda's actions in the bankruptcy proceeding, for which Donald sought $67,129.34 in fees and other costs, and in defending the judgment we affirmed on appeal. For that he sought $48,845. The application was briefed and argued. The trial court denied the claim with respect to the bankruptcy litigation, but awarded fees in the amount of $44,480 for work done by Donald's counsel in the appeal. The present appeal is from the order awarding those fees.[4]

## DISCUSSION

### I

Subdivision (a) of section 271 provides: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award

---

[4] The appeal lies. (See Code Civ. Proc., § 904.1, subd. (a)(2); *P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053 [120 Cal.Rptr.2d 98].)

under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

■ While fees and costs imposed under this statute are in the nature of a sanction, the requisite delicts are limited. The statute is aimed at conduct that furthers or frustrates settlement of family law litigation and at reduction of litigation cost. It is the successor to former Civil Code section 4370.6, which was enacted in 1990 along with amendments to former Civil Code section 4370.5. These statutes do not require that the conduct be "frivolous or taken solely for the purpose of delay" as do appellate sanctions imposed under *In re Marriage of Flaherty, supra,* 31 Cal.3d 637, 650. *Flaherty* sanctions are appropriate "only when [the appeal] is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Ibid.*; see *In re Marriage of Melone* (1987) 193 Cal.App.3d 757, 763 [238 Cal.Rptr. 510] [discussing the distinction between *Flaherty* sanctions and sanctions under former Civil Code sections 4370 and 4370.5].) Nevertheless, conduct on appeal that warrants *Flaherty* sanctions also qualifies for sanctions under section 271. Thus, section 271 sanctions have been upheld for "obstreperous conduct which frustrated the policy of the law in favor of settlement, and caused the costs of the litigation to greatly increase" (*In re Marriage of Daniels* (1993) 19 Cal.App.4th 1102, 1106 [23 Cal.Rptr.2d 865]), and for making a one-sided, overreaching demand (*In re Marriage of Abrams* (2003) 105 Cal.App.4th 979, 992 [130 Cal.Rptr.2d 16] [cases collected], disapproved on another ground in *In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1097 [12 Cal.Rptr.3d 356, 88 P.3d 81]).

■ The Family Code adaptation of section 271 continues former Civil Code section 4370.6 without substantive change, except that it was broadened to apply to all proceedings under the Family Code. (23 Cal. Law Revision Com. Rep. (1993) p. 1.) The statute contemplates that sanctions be assessed at the end of the lawsuit, "when the extent and severity of the party's bad conduct can be judged." (*In re Marriage of Quay* (1993) 18 Cal.App.4th 961, 970 [22 Cal.Rptr.2d 537].) Decisions under the predecessor provision and the current statute recognize that the law authorizes the trial court to impose sanctions for conduct in the prosecution of an appeal. (See *In re Marriage of Green* (1989) 213 Cal.App.3d 14, 27 [261 Cal.Rptr. 294]; *In re Marriage of Melone, supra,* 193 Cal.App.4th 757, 765; *In re Marriage of Mason* (1996) 46 Cal.App.4th 1025, 1028 [54 Cal.Rptr.2d 263]; *In re Marriage of Martin* (1991) 229 Cal.App.3d 1196, 1201 [280 Cal.Rptr. 565]; and see *Craft v. Craft* (1957) 49 Cal.2d 189, 194 [316 P.2d 345] [in proceedings under former Civil Code section 137.5, allowance to spouse of attorney fees on appeal should be addressed to the trial court].)

■ It is, thus, well established that trial courts are empowered to assess costs incurred on appeal against a spouse whose conduct falls within the description in section 271. We turn to whether Donald made a timely application to receive them.

## II

■ Section 1034, subdivision (b) of the Code of Civil Procedure authorizes the Judicial Council, by rule, to establish the procedure for claiming costs on appeal, including attorney fees awarded as costs. Rules 26 and 870.2 were adopted pursuant to that authority.[5] (*Yuba Cypress Housing Partners, Ltd. v. Area Developers* (2002) 98 Cal.App.4th 1077, 1084 [120 Cal.Rptr.2d 273].) Rule 870.2 governs claims for attorney fees. Subdivision (a) makes the rule generally applicable to civil cases where attorney fees may be awarded by statute or by contract. Subdivision (b) applies to fees incurred before judgment. Subdivision (c)(1), with which we are principally concerned, provides: "A notice of motion to claim attorney fees on appeal—other than the attorney fees on appeal claimed under subdivision (b)—under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, shall be served and filed within the time for serving and filing the memorandum of costs under rule 26(d)."

Rule 870.2(c)(2) allows the parties to stipulate to an extension of the time prescribed in subdivision (c)(1), for up to 60 additional days. Subdivision (d) allows the court, for good cause, to extend the time for filing a motion for fees. Neither provision is material to this appeal.

The referenced rule, 26(d), provides the specific time limitation: "Within 40 days after the clerk sends notice of issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs under rule 870." The reference to the clerk is to the clerk of the Court of Appeal. (Rule 27(b)(1), formerly numbered rule 26.) "Costs" includes attorney fees when sought under rule 870.2. (Rule 26(c)(2).)[6]

---

[5] Rule 26, to which we refer, was formerly numbered rule 27, and still appears under that designation in the published Rules of Court. It was renumbered by action of the Judicial Council, operative on January 1, 2005. (See Disposition Table at the beginning of Title One of Appellate Rules.)

[6] It could be (but is not) argued that the reference in rule 26(b)(1), to "costs awarded by the reviewing court" means that rule 870.2 fees cannot be recovered unless awarded by the

As we have seen, Donald's application for attorney fees was filed long after the 40-day period delimited by rule 26(d). Norda raised this objection in the trial court, albeit briefly, and so has preserved it on appeal. Donald's response is that it does not apply.

He argues, first, that our decision in the underlying appeal not to apply *Flaherty* sanctions is "res judicata," [*sic*] barring Norda's reliance on rule 26(c)(1) on this appeal. He is mistaken. Our decision in that appeal did not deal with section 271, which was not discussed. Our comment was restricted to *Flaherty* sanctions which, unlike sanctions under section 271, are commonly awarded by the appellate court. If there is any "res judicata" at all on this point from our earlier decision, it is only that we did not exercise our discretion to award sanctions on appeal. (Norda makes a similar argument, also without merit. She asserts that the trial court lacked jurisdiction to award sanctions because we had not done so in the previous appeal. Her argument suffers from the same infirmity as Donald's: we did not address and did not decide any issue of section 271 sanctions.)

Donald argues that the 40-day limitation of rule 26(d) does not apply to family law cases. He recognizes that the rule makes good sense in most civil cases, which lack the "tortuousness," [*sic*] and the "degree of vitriol and complication regularly seen in family law cases," which often are protracted, spawning multiple appeals. He warns that if a remittitur is issued during the last few months before trial, when the parties are occupied with pretrial preparation, motions, expert depositions, settlement conferences, and other "critical, time-sensitive efforts," the need to apply for fees within 40 days would be disruptive to all concerned. He concludes that the "statutory framework for petitioning the court for attorney fees in family law cases is much more flexible than the 40-day deadline imposed on civil law appeals. . . . In sum, the 40-day cut-off of Rule 27 was not meant to and does not apply to post-appeal attorney's fee motions in family law case[s]."[7]

---

appellate court. These fees generally are awarded by the trial court, not the appellate court. In any event, the clause does not affect the meaning of rule 870.2. That rule refers to rules 2 and 3 only as a "borrowing" mechanism, by which the specific time period specified in the other rule is adopted ("borrowed") for purposes of the limitation period within which to apply for fees on appeal. (See *Crespin v. Shewry* (2004) 125 Cal.App.4th 259, 266 [22 Cal.Rptr.3d 696] [reference in subdivision (b) of rule 870.2, to the time periods of rules 2 and 3, "merely borrows the *time limits*" of those rules, and does not purport to incorporate any of the special definitions rules 2 and 3 employ; hence the definition of "judgment" as including appealable orders does not apply to rule 870.2(c)].)

[7] In oral argument, counsel for respondent argued that *Hollaway v. Edwards* (1998) 68 Cal.App.4th 94 [80 Cal.Rptr.2d 166] holds that probate matters are not subject to rule 870.2(c), even though this rule, itself, does not explicitly recognize such an exception, and a similar exception should be recognized for the Family Code. The case does not discuss subdivision (c); neither does it involve fees incurred on appeal.

■ There are two problems with this argument. The first is that it runs counter to the plain language of the rule, which makes no exception for family law cases. Whether there should be one or not is within the discretion of the Judicial Council under its rulemaking authority; we are not empowered to embroider an exception upon a rule the council has adopted. Understandably, Donald cites no authority to support his argument. We are aware of none. To the contrary, it has been recognized that rule 870.2 applies generally to all applications for attorney fees incurred on postjudgment appeals. (See *Yuba Cypress Housing Partners, Ltd. v. Area Developers, supra,* 98 Cal.App.4th 1077, 1085 [in contrast to appellate attorney fees incurred after rendition of a judgment that is affirmed on appeal, to which rule 870.2(c) applies, the rule does not apply to appellate fees incurred on a judgment that is reversed on appeal or otherwise incurred before the *ultimate* decision on appeal]; see also Hogoboom and King, Cal. Practice Guide: Family Law (The Rutter Group 2005) ¶ 14:285, p. 14-17 [a "noticed motion to claim contractual attorney fees on appeal-*other than* appellate attorney fees incurred before rendition of the trial court judgment . . . '*shall be* served and filed *within the time for serving and filing the memorandum of costs*' under CRC 26(d) (i.e., within 40 days after clerk's mailing notice of remittitur)."].)

■ The other flaw in Donald's argument is that the problem of overlapping remittiturs flowing from appealable orders that precede final judgment does not exist. Even though an order is appealable, rule 870.2(c) does not apply because there is no final judgment; instead, rule 870.2(b) applies. Under that provision, the time to apply for fees on appeal dovetails with the time to file a notice of appeal. (See *Crespin v. Shewry, supra,* 125 Cal.App.4th 259, 266, 267, which holds that postjudgment motions in the trial court are governed by subdivision (b), rather than (c); the opinion includes a thorough discussion of the administrative history of rule 870.2, including initial drafts, amendments, public comments, and staff recommendations.)

■ Because the previous appeal was from a final judgment and the application for sanction fees under rule 870.2(c)(1) was not filed within the time required by that rule, it was error to award them. The order doing so, therefore, is reversed.[8]

---

[8] Since we reverse the order, we also must, and do, deny Donald's application for sanctions on this appeal.

## DISPOSITION

The order awarding fees under rule 870.2 is reversed; the application for attorney fees on this appeal is denied. Appellant to have costs on appeal.

Curry, J., and Willhite, J., concurred.

A petition for a rehearing was denied September 20, 2005, and respondent's petition for review by the Supreme Court was denied November 30, 2005.