Filed 3/8/23  Fauerbach v. Carlisle CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| CAROL FAUERBACH, | C090306 |
| Plaintiff and Respondent, | (Super. Ct. No. PP20170050) |
| v. | |
| WILLIAM CARLISLE, as Beneficiary, | |
| Defendant and Appellant. | |

In a 2019 ruling, the probate court ordered distributions from a trust that *would have* gone to William Carlisle go instead to Carol Fauerbach, because Carlisle had failed to pay spousal support and other money judgments to Fauerbach arising out of a 2018 family law judgment (2018 judgment).  On appeal, Carlisle raises multiple claims, most of which are unpersuasive because they rest on the faulty premise the probate court should have reconsidered portions of the 2018 judgment.  Carlisle's other claims are forfeited or unpersuasive.  Accordingly, we affirm.

1

BACKGROUND

The parties married in 1991 and divorced in 2015. Among other rulings made in a 2018 judgment arising out of the parties' divorce proceedings, the trial court (1) divided the parties' community property, (2) ordered Carlisle to pay $8,000 a month in permanent spousal support to Fauerbach, (3) ordered Carlisle to pay to Fauerbach $125,000 in sanctions pursuant to Family Code section 271,[1] and (4) awarded to Carlisle "El Dorado Savings Account #1873, Umpqua Account #2902, $42,040.00 excess from the DCSS, levy without offset from [Fauerbach]."[2]

Carlisle appealed, and a panel of this court affirmed the 2018 judgment in a 2021 opinion, explaining Carlisle "forfeited his claims of error, and his brief [was], in any event, insufficient to satisfy his burden . . . to demonstrate error." (*In re Marriage of Carlisle* (Jan. 6, 2021, C086346) [nonpub. opn.].)

Carlisle having failed to meet inter alia his spousal support obligations, Fauerbach sought to enforce the 2018 judgment, in part, by filing a petition in the probate court against Carlisle as a beneficiary of a trust. (See Code Civ. Proc., § 709.010, subd. (b) [a "judgment debtor's interest as a beneficiary of a trust is subject to enforcement of a money judgment . . . upon petition under this section by a judgment creditor"].)

Over multiple days, the probate court received evidence from the parties, who each appeared in pro. per. and were both licensed to practice law in California. At one point during trial, when Carlisle discussed the 2018 judgment, the probate court said to Carlisle: "I'm not relitigating your family law case. This is the ruling from your family

---

[1] Family Code section 271, subdivision (a) contemplates an award "in the nature of a sanction" of "attorney's fees and costs" (1) where "the conduct of [a] party . . . frustrates the policy of the law to promote settlement of litigation" and (2) "to . . . encourag[e] cooperation between the parties and attorneys."

[2] The reference to "DCSS" appears to relate to child support.

law case. If . . . funds didn't go to you, I'm not really sure how that's relevant. You still have a money judgment in this order." In closing argument, Carlisle invited the probate court to consider whether portions of the 2018 judgment were subject to "reallocation."

In its July 2019 ruling, the probate court found, in relevant part: (1) it had jurisdiction over the administration of the trust of which Carlisle was a beneficiary; (2) Carlisle's interest in bank accounts held by the trust included liquid assets of over $46,000; (3) Carlisle owed Fauerbach over $77,000 in unpaid spousal support[3]; and (4) the portion of the 2018 judgment regarding the award of bank accounts/funds to Carlisle "without offset from [Fauerbach]" "mean[t] [Fauerbach] [was] not required to replenish these bank accounts or to reimburse [Carlisle] the $42,040.00 amount in excess of the DCSS levy." The probate court ordered spousal support "and other money judgments" from the 2018 judgment "be satisfied to the fullest extent possible out of [t]rust distributions to be made to, or for the benefit of [Carlisle] . . . and shall be paid to [Fauerbach]; and shall continue until . . . full satisfaction" of the 2018 judgment.

Carlisle timely appealed.

DISCUSSION

I

*Carlisle's Claims*

Carlisle presents 10 claims for our review under separate headings. Most are difficult to discern. Seven fail because they are, in essence, efforts to reopen and relitigate the 2018 judgment. One claim is forfeited on appeal. The remaining two claims are unpersuasive.

A. *Probate Court's Failure to "Reverse Prior Rulings"*

---

[3] The probate court ruled Carlisle "did not present credible testimony he paid [Fauerbach] any amount of spousal support" in multiple months.

3

First, Carlisle claims the probate court's 2019 ruling "is contrary to the court's mandate to ensure a fair and equitable division between the parties." To the extent we can discern this claim, it appears to be a contention the probate court here should have reconsidered portions of the 2018 judgment, issued by a different judge. But as Fauerbach observes, one superior court judge cannot overrule another. (See *Paul Blanco's Good Car Co. Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86, 99-100.) Thus, the judge considering Fauerbach's petition to enforce the 2018 judgment had no authority to reconsider the merits of that underlying judgment.

In his reply brief, Carlisle notes there are narrow exceptions to this general rule, including the unavailability of the original judge. But Carlisle has not demonstrated with cites to the record that (1) any of the exceptions he invokes in his reply brief were applicable below, or (2) he raised this argument below. (See *Paul Blanco's Good Car Co. Auto Group v. Superior Court, supra*, 56 Cal.App.5th at p. 100; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799-801 [appellant's burden is to demonstrate preservation of an appellate claim in the trial court]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [appellant's burden to demonstrate the existence of reversible error supported by citations to facts in the record that support the claim of error].) Further, we decline to address issues raised for the first time in a reply brief. Considerations of fairness require that an appellant raise all issues and contentions in the opening brief. (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)

Second, referencing the 2018 judgment, Carlisle claims the probate court "should have allowed an offset" of $42,000. This claim appears to be an effort to relitigate the merits of the 2018 judgment. The probate court was not empowered to readjudicate the prior judgment; its sole role in the instant matter was limited to adjudicating Fauerbach's petition to *enforce* the 2018 judgment.

4

Similarly, Carlisle's third through sixth claims all concern what he characterizes as the probate court's failures to "allow[ ] . . . offset[s]" for funds awarded to Carlisle in the 2018 judgment. These claims fail for the same reasons provided above.

Carlisle's seventh claim contends the probate court failed to "interpret" the 2018 judgment "in a manner that [was] reasonable and equitable." This claim, too, appears to be based on the faulty premise the probate court in the instant matter had the power to, and should have, reconsidered earlier rulings of different judges. We reject this claim too.

B. *Other Claims*

Carlisle's eighth claim is the probate court "should not have heard this matter" when it did, because Carlisle had a pending motion (before a different judge) to modify the 2018 judgment's spousal support award. This claim is forfeited on appeal, because Carlisle has not demonstrated he raised it in the probate court. (*Dietz v. Meisenheimer & Herron*, *supra*, 177 Cal.App.4th at pp. 799-801.)

Carlisle's ninth claim is the probate court "should have stated why" it determined he had not paid spousal support in a specific month. The probate court explained it found Carlisle did not present *credible* testimony he paid Fauerbach any amount of spousal support that month. "The trial court is the 'sole judge' of witness credibility. [Citation.] The trial judge may believe or disbelieve uncontradicted witnesses if there is any rational ground for doing so. [Citation.] The fact finder's determination of the veracity of a witness is final." (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 582.) Because we will not second guess the probate court's credibility determinations, which are "subject to extremely deferential review" (*ibid.*), we reject this contention as well.

Carlisle also argues a ruling by a different judge demonstrates the probate court here erred in ruling he failed to pay spousal support one month. This argument is unavailing because the ruling he cites occurred *after* the instant ruling on appeal. " '[I]t has long been the general rule and understanding that "an appeal reviews the correctness

5

of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration." ' " (*People v. Hannon* (2016) 5 Cal.App.5th 94, 104.)

Carlisle's tenth claim is the probate court should not have "made a determination of any payment issues" that arose (1) after Fauerbach filed a petition to enforce the 2018 judgment or (2) before Carlisle became eligible for cash distributions from the trust of which he was a beneficiary. We agree with Fauerbach that this claim, unsupported by citation to or discussion of any authority, is unpersuasive. (See *In re S.C.*, *supra*, 138 Cal.App.4th at p. 408 [appellant's burden to demonstrate the existence of reversible error by presenting meaningful legal analysis supported by citations to authority].)

II

*Sanctions*

Observing we could impose appellate sanctions on our own motion, Fauerbach argues we should sanction Carlisle "for pursuing this frivolous and dilatory appeal." Carlisle retorts if anyone is sanctioned, it should be Fauerbach, observing she successfully sought 10 extensions of time to file her reply brief.

Code of Civil Procedure section 907 "provides that '[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just.' Similarly, California Rules of Court, rule 8.276(a), provides that an appellate court has the authority to 'impose sanctions . . . on a party or an attorney for: [¶] Taking a frivolous appeal or appealing solely to cause delay. . . .' " (*McCluskey v. Henry* (2020) 56 Cal.App.5th 1197, 1208.)

"[O]ur Supreme Court has advised us that we should hold that an appeal is 'frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisput[ab]ly has no merit—when any reasonable attorney would agree that the appeal is totally and completely without

6

merit.  [Citation.]  [¶] . . .  [T]he punishment should be used most sparingly to deter only the most egregious conduct.' " (*McCluskey v. Henry, supra*, 56 Cal.App.5th at p. 1208.)

Previously, a panel of this court rejected Fauerbach's request for appellate sanctions on Carlisle in footnote 17 of *In re Marriage of Carlisle* (Sept. 29, 2017, C079547) [nonpub. opn.], wherein we cited *In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 7 for the proposition trial courts may assess appellate costs against a spouse whose conduct falls within the description of Family Code section 271.  (See *In re Marriage of Freeman*, at p. 6 [conduct falling short of threshold for appellate sanctions nevertheless may be sanctionable under Fam. Code, § 271]; cf. *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 995 ["A trial court has broad discretion under Family Code section 271 to award sanctions against a party who frustrates the policy to promote settlement and cooperation in family law litigation"].)[4]

Accordingly, in the interests of judicial economy, and because Fauerbach *could have filed her own motion* (accompanied by a declaration supporting the amount of monetary sanction sought), we decline Fauerbach's invitation to impose sanctions on Carlisle on our own motion.  (See *Bak v. MCL Financial Group, Inc.* (2009) 170 Cal.App.4th 1118, 1127-1128 [denying request for appellate sanctions, because party "failed to comply with th[e] procedural requirement" in Cal. Rules of Court, rule 8.276(b)(1) that "a request for appellate sanctions be made by a separate 'motion . . . served and filed . . . no later than 10 days after the appellant's reply brief is due' "; *ibid.* "[t]hat reason alone is grounds to deny the request"].)

---

[4] These observations are neither an endorsement nor a rejection of the proposition Family Code section 271 sanctions may be imposed in litigation that is intertwined with family law litigation.

## DISPOSITION

The judgment is affirmed.  Fauerbach shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
ROBIE, Acting P. J.


_____/s/_____
DUARTE, J.