Filed 2/17/26  Marriage of Tran and Ha CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of LINH TU BAO TRAN and KRYSTAL BICH HUYEN VU HA. | |
| LINH TU BAO TRAN,<br><br>    Respondent,<br><br>        v.<br><br>KRYSTAL BICH HUYEN VU HA,<br><br>    Appellant. | G064047<br><br>(Super. Ct. No. 16D000647)<br><br>O P I N I O N |

　　　　Appeal from a postjudgment order of the Superior Court of Orange County, Thomas James Lo, Judge. Affirmed in part, reversed in part, and remanded with directions.

　　　　Influential Law and Van Nghiem for Appellant.

　　　　Bruce A. Wilson and Bruce A. Wilson for Respondent.

Appellant Krystal Bich Huyen Vu Ha and respondent Linh Tu Bao Tran previously were married. After Tran filed a petition for dissolution of their marriage, they entered into a marital settlement agreement (MSA) and the trial court entered a marital dissolution judgment in 2018. Following two appeals by Tran, Ha filed a request for order, seeking attorney fees and costs under the MSA and Family Code section 2030. Ha claimed she was entitled to attorney fees and costs for Tran's two prior appeals and certain non-appellate attorney fees and costs. The court denied Ha's request, and Ha appeals from that denial.

We conclude the trial court did not err in denying Ha's request for the appellate attorney fees she sought because the request was untimely under California Rules of Court, rule 3.1702(c)(1).[1] The court also did not err in denying Ha's request for the non-appellate attorney fees she sought under the MSA. We conclude, however, that the court abused its discretion by not explicitly addressing and making findings regarding whether Ha should be awarded the non-appellate attorney fees she sought under Family Code section 2030. Thus, we affirm in part, reverse in part, and remand to the trial court for further proceedings and to determine whether and to what extent Ha should be awarded the non-appellate attorney fees and costs she sought under Family Code section 2030.

---

[1] All further references to rules are to the California Rules of Court.

2

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Tran filed a petition for the dissolution of his marriage to Ha. The petition listed the date of marriage as June 9, 2014, but Ha's response to the petition listed the date of marriage as February 1, 2002.

In 2018, Tran and Ha entered into the MSA and the trial court entered a marital dissolution judgment that incorporated the MSA and reserved certain specified issues for future adjudication. The MSA stated, among other things, the parties agreed they were married on August 1, 2004, and separated on January 12, 2016. The MSA noted the court previously had ordered Tran to pay Ha $1,500 per month in spousal support, and "[t]he [p]arties agree that the court shall reserve jurisdiction over the issue of spousal support and the current [s]pousal [s]upport [o]rder and [e]arnings [a]ssignment [o]rder remain in full force and effect." The MSA also stated Ha may have a community interest in Tran's retirement plans and "[t]he court shall reserve jurisdiction over the division of community property including but not limited to the above-mentioned retirement plans."

The MSA included a section entitled, "costs of enforcement" (capitalizations, boldface, and underscoring omitted), which provided as follows: "In the event that either of the parties shall be required to bring any action or proceeding to enforce any of the provisions of this Agreement or any court order made after merger of any provision of this Agreement in the dissolution judgment, the party prevailing in such action or proceeding shall be entitled to recover all costs of such enforcement proceeding, including reasonable attorney fees as set by the court. No such liability shall accrue unless ten (10) days prior notice of the claimed default has been given to the alleged defaulting party, and such party may cure the default within that ten (10) day period without liability for the other party's costs or fees."

3

In 2019, Tran filed two requests for order seeking to end spousal support and set aside portions of the judgment. Tran asserted, among other things, the MSA incorrectly stated the date of marriage as August 1, 2004, and he actually married Ha on June 9, 2014—which is the date reflected on their license and certificate of marriage—not August 1, 2004. Ha opposed both requests for order. The trial court (Judge Donald F. Gaffney) denied both requests for order.

In November 2019, Ha filed a request for order seeking division of Tran's retirement accounts and requesting $3,000 in attorney fees. In July 2020, Tran filed a request for order to correct a clerical error and set aside the judgment, again arguing the correct date of marriage was June 9, 2014. Tran noted that, if his date of marriage to Ha was August 1, 2004, it would be a void marriage because he was not divorced from his previous wife until September 2011. Both parties filed additional papers related to these motions, including a request by Ha for additional attorney fees.

On December 5, 2020, the trial court entered findings and order after hearing regarding Tran's motion. It found "there is no clerical error within the [j]udgment and there are no equity arguments that persuade the court that any modification to the [j]udgment is necessary," and it awarded $2,789 in attorney fees to Ha's counsel "based on the prevailing party provision of the [MSA]." Also on December 5, 2020, the court entered judgment on reserved issues. That judgment stated Ha shall receive one-half of the community property interest in Tran's two retirement plans; attorney Richard Muir (who was neither Tran's nor Ha's counsel) shall prepare the qualified domestic relations orders (QDROs); the date of marriage is August 1, 2004, and the date of separation is January 12, 2016, for purposes of drafting the QDROs; and "[e]ach side is to pay one-half of the legal

4

fees/expenses pertaining to the drafting of the QDROs."[2] It also noted the issue of attorney fees was reserved for further hearing. Tran appealed from the December 5, 2020 judgment and order (G059864 or first appeal).

Both parties continued to file additional papers in the trial court regarding Ha's request for attorney fees. In June 2021, Tran also moved in the trial court to stay the order regarding the QDROs pending his appeal, which Ha opposed.

In an October 1, 2021 minute order, the trial court denied Tran's June 2021 motion, indicating it would award Ha $3,384 in attorney fees and costs (which is the amount Ha requested in connection with opposing Tran's motion), and award Ha an additional $29,165 in attorney fees and costs (which was an additional amount Ha requested). The findings in that minute order were reflected in two findings and order after hearing entered by the court on November 12, 2021. In one of the orders, the court denied Tran's June 2021 motion to stay the order regarding the QDROs pending appeal and ordered Tran to pay Ha's counsel $3,384 in attorney fees "pursuant to the prevailing party provision of the [MSA] and . . . Family Code [s]ection 2030." In the other order, the court ordered Tran to pay Ha's counsel $29,165 in attorney fees "pursuant to the prevailing party provision of the [MSA] and . . . Family Code [s]ection 2030."

On January 11, 2022, Tran appealed from an order dated November 12, 2021 (G061031 or second appeal).[3] On January 31, 2022, this

---

[2] The trial court previously issued minute orders regarding the findings in the December 5, 2020 judgment and findings and order after hearing.

[3] Tran's notice of appeal did not specify which of the two November 12, 2021 orders he was appealing.

court dismissed Tran's second appeal (G061031) for failing to timely deposit costs for preparation of the record on appeal, and on April 4, 2022, the remittitur issued.

In October 2022, a panel of this court issued its opinion in Tran's first appeal (G059864), which had challenged "(1) the trial court's order denying his 2020 motion to set aside the 2018 judgment, and (2) the court's 2020 judgment awarding Ha rights to Tran's retirement benefits." (*Tran v. Ha* (Oct. 5, 2022, G059864) [nonpub. opn.].) The panel of this court affirmed the challenged order and judgment. (*Ibid.*) On December 7, 2022, the remittitur issued.

On July 10, 2023, Ha filed a request for order, seeking $45,000 in attorney fees and costs. Ha asserted these attorney fees and costs were "incurred by [her] after the billing period that was already covered by the [November 12, 2021] order." (Capitalizations omitted.)[4] Ha said the request was "made pursuant to the prevailing party provision of the [MSA] which was part of the [d]ivorce [j]udgment and Family Code [s]ection 2030." The hearing on Ha's request for order originally was scheduled for August 16, 2023, but it was continued to October 13, 2023.

On September 28, 2023, Tran filed his opposition. Tran argued Ha's request for order was defective and she had failed to file required information. On September 29, 2023, Ha requested to reschedule the hearing. The trial court continued the hearing to December 15, 2023.

---

[4] In February 2022, Ha obtained two writs of execution, one for a principal amount of $3,384 and one for a principal amount of $29,165. In her request for order, Ha asserted Tran had filed for bankruptcy in the beginning of 2022 and received a discharge of about $34,000 in attorney fees he previously owed.

6

On November 30, 2023, Tran filed another response, again asserting that Ha's request for order was defective and she had failed to file required information. Tran also asserted Ha and her counsel should be sanctioned.

On December 5, 2023, Ha filed a brief and other documents in support of her pending request for order seeking attorney fees and costs. Ha asserted she had not previously requested attorney fees for any legal services by her counsel after the October 1, 2021 hearing and the current request was for attorney fees that were incurred after that hearing. Ha claimed the total amount of fees and costs she was seeking was $92,544. On December 7, 2023, Tran filed what he called omnibus legal objections to Ha's late brief. On December 14, 2023, Ha filed a response to Tran's objections. On December 15, 2023, the trial court continued the hearing to February 6, 2024, and permitted Tran to file a reply brief by December 22, 2023.

On December 21, 2023, Tran filed another brief and supporting documents. On January 29 and 31, 2024, Ha filed further papers, in which she asserted the total amount of fees and costs she was now seeking was $105,361. On February 1, 2024, Tran filed an objection to Ha's January 29 and 31, 2024 filings.

On February 20, 2024, the trial court (Judge Thomas James Lo) denied Ha's motion for attorney fees and costs.[5] Regarding the request for appellate attorney fees, the court found the motion was untimely under rule 3.1702(c) because it was filed more than 40 days after the remittiturs were

---

[5] There does not appear to have been a hearing conducted on February 6, 2024; instead, the court's minute order stated both counsel were advised appearances were not required and the court would take the motion under submission.

issued on the first appeal (December 7, 2022) and on the second appeal (April 4, 2022). Additionally, the court stated Ha sought attorney fees and costs associated with enforcement of the QDRO, enforcement of the judgment, and her attorney fees motion under the enforcement provision of the MSA. The court, however, found Ha "ha[d] offered no credible evidence she was the prevailing party on any enforcement litigation" and, additionally, had not "provide[d] proof of any ten-day notice to allow the defaulting-party to cure any default." The court further stated, "[a]ny other relief intermingled with [Ha's] two trial briefs, totaling 292 pages," was denied.[6] Ha appeals from the order.

## DISCUSSION

### I.

#### LEGAL PRINCIPLES

"'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' [Citation.] Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each

---

[6] The trial court stated it "has not considered [Ha's] 26-page supplemental brief filed on [January 31, 2024] and her 29-page reply brief filed [January 29, 2024], as those filings were untimely, unauthorized[,] and exceeded page-limit requirements." The court also denied Tran's request for attorney fees and sanctions.

8

point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620; see also *Cradduck v. Hilton Domestic Operating Co., Inc.* (2025) 112 Cal.App.5th 284, 304 ["failure to support a contention with citations to authority and reasoned argument is grounds for deeming the argument waived"].)

"Although attorney fee awards are typically reviewed for abuse of discretion, ""a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo."""" (*Reyes v. Beneficial State Bank* (2022) 76 Cal.App.5th 596, 604.) """[I]ssues of statutory construction and contract interpretation that do not turn on extrinsic evidence are subject to independent review."""" (*Ibid.*) Additionally, "[w]e independently review interpretations of the California Rules of Court, applying the usual rules of statutory construction." (*In re William M.W.* (2019) 43 Cal.App.5th 573, 583.)

II.

ATTORNEY FEES AND COSTS ON PRIOR APPEALS

On appeal, Ha claims she is entitled to attorney fees of $51,443 for Tran's first appeal and $430 for Tran's second appeal. We conclude the trial court did not err in finding Ha's request for attorney fees and costs associated with Tran's prior appeals was untimely under rule 3.1702(c)(1).

Under rule 3.1702(c)(1), "[a] notice of motion to claim attorney's fees on appeal—other than the attorney's fees on appeal claimed under (b)— under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, must be served and filed within the time for serving and filing the memorandum of costs under rule 8.278(c)(1) in

9

an unlimited civil case or under rule 8.891(c)(1) in a limited civil case."[7] Rule

8.278(c)(1) provides, "[w]ithin 40 days after issuance of the remittitur, a party

claiming costs awarded by a reviewing court must serve and file in the

superior court a verified memorandum of costs under rule 3.1700."[8] Thus,

because Ha's motion was filed more than 40 days after the remittitur was

issued in the two appeals (April 4 and December 7, 2022), the trial court

found the motion to be untimely.[9]

On appeal, Ha argues rule 3.1702(c)(1) does not apply here

because it purportedly "contains an **explicit exception** where it reads,

'*other than* the attorney's fees on appeal claimed under (b)—**under a

statute or contract requiring the court to determine entitlement to the

fees, the amount of the fees, or both** . . . .'" Ha says this case "falls under

the exception of 'other than'" (boldface omitted) because her claim for

appellate fees is brought under a contract and statute—i.e., the MSA and

Family Code section 2030. We disagree with Ha's interpretation of the rule.

Ha interprets the "other than" language as an exception applying not only to

attorney fees claimed under subdivision (b), but also any attorney fees

___

[7] Rule 3.1702(b) applies to a motion for attorney fees "for services up to and including the rendition of judgment in the trial court—including attorney's fees on an appeal before the rendition of judgment in the trial court."

[8] Rule 8.891(c)(1) provides, "[w]ithin 30 days after the clerk sends notice of issuance of the remittitur, a party claiming costs awarded by the appellate division must serve and file in the trial court a verified memorandum of costs under rule 3.1700(a)(1)."

[9] Rule 3.1702(d) permits the trial court to extend the time to file a motion for attorney fees for good cause. On appeal, Ha does not argue the court erred by not extending the time for filing under that rule.

claimed under a statute or contract. The plain language of the rule, however, makes clear that the "other than" language applies only to a claim for attorney fees on appeal under rule 3.1702(b), not generally any claim for attorney fees under a statute or contract. Ha's argument disregards that the clause "other than the attorney's fees on appeal claimed under (b)" is specifically separated from the remainder of the language in rule 3.1702(c)(1).

Ha also contends "the time limit under [r]ules 8.278(c)(1) and 8.891(c)(1) is prescribed for 'a [*sic*] unlimited civil case' and 'a limited civil case' respectively, not a family law case" (boldface and italics omitted), and thus, Ha says the rules do not apply here. Ha appears to be arguing that rule 3.1702 does not apply to a marriage dissolution action under the Family Code. Ha's argument is unavailing because rule 3.1702(c)(1) can apply to an action under the Family Code. (See *In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 4, 9 (*Freeman*) [applying former rule 870.2, which is the predecessor to rule 3.1702, to a motion for fees under Family Code section 271 in a marital dissolution action and noting "it has been recognized that [former] rule 870.2 applies generally to all applications for attorney fees incurred on postjudgment appeals"].)[10]

Moreover, Ha cites no case for the proposition that rule 3.1702 does not apply to a marriage dissolution action, and we are not persuaded it does not. Rule 3.1702(a) states that, "[e]xcept as otherwise provided by statute, this rule applies in civil cases to claims for statutory attorney's fees

---

[10] Ha asserts *Freeman* is inapplicable because it involved a claim for attorney fees under Family Code section 271. (*Freeman, supra*, 132 Cal.App.4th at p. 5.) Although *Freeman* involved a claim for attorney fees under Family Code section 271, the case still is instructive here because it applies former rule 870.2 (the predecessor to rule 3.1702) in a marriage dissolution action. (*Freeman*, at pp. 4, 7–9.)

11

and claims for attorney's fees provided for in a contract."[11] Moreover, "[t]he Civil Rules apply to all civil cases in the superior courts, including general civil, *family*, juvenile, and probate cases, unless otherwise provided by a statute or rule in the California Rules of Court." (Rule 3.10, italics added; see also Fam. Code, § 210 ["Except to the extent that any other statute or rules adopted by the Judicial Council provide applicable rules, the rules of practice and procedure applicable to civil actions generally, including the provisions of Title 3a (commencing with [s]ection 391) of Part 2 of the Code of Civil Procedure, apply to, and constitute the rules of practice and procedure in, proceedings under this code"].) Additionally, under rule 5.2(d), "[e]xcept as otherwise provided in these rules, all provisions of law applicable to civil actions generally apply to a proceeding under the Family Code if they would otherwise apply to such proceeding without reference to this rule," and "[t]o the extent that these rules conflict with provisions in other statutes or rules, these rules prevail." Ha points to no rule applicable to marriage dissolution actions that conflicts with rule 3.1702.

In sum, we reject Ha's argument that rule 3.1702 is generally inapplicable to an action under the Family Code.

III.

NON-APPELLATE ATTORNEY FEES AND COSTS

Besides attorney fees and costs for the prior appeals, Ha also seeks certain non-appellate attorney fees and costs she contends she incurred after the October 1, 2021 hearing on Tran's motion to stay the order

---

[11] "'Civil case' means a case prosecuted by one party against another for the declaration, enforcement, or protection of a right or the redress or prevention of a wrong. Civil cases include all cases except criminal cases and petitions for habeas corpus." (Rule 1.6(3).)

regarding the QDROs pending appeal and on Ha's request for attorney fees. On appeal, Ha contends the non-appellate attorney fees she seeks fall into one of the following categories: fees for the collection process; fees to finalize the QDROs; fees for drafting documents at Ha's request so Tran could dismiss a prior appeal and his counsel; and fees for the current motion. We conclude the trial court did not err in denying the request for the non-appellate attorney fees Ha sought under the MSA, but the court abused its discretion in not explicitly addressing and making findings regarding whether Ha should be awarded some or all of those non-appellate attorney fees under Family Code section 2030.[12]

A. *The MSA*

The trial court denied Ha's request for non-appellate attorney fees and costs under the MSA on two grounds. First, the court found Ha had "offered no credible evidence she was the prevailing party on any enforcement litigation." Second, the court found Ha had not "provide[d] proof of any ten-day notice to allow the defaulting-party to cure any default." We conclude the trial court did not err.

Ha argues the trial court acted improperly by denying her motion on grounds not raised by Tran. Ha says the court went "off tangent" when it found Ha had not shown she was the prevailing party in an enforcement litigation and had also failed to demonstrate she gave 10-day notice and an

---

[12] On appeal, Ha does not assert an argument regarding costs that is separate from her arguments for attorney fees. Instead, Ha argues that "[i]f the court decides that [she] is entitled to the requested attorney's fees, she should also be awarded legal costs." (Boldface and capitalizations omitted.) On remand, the trial court may also consider whether Ha is entitled to any costs associated with the requested non-appellate attorney fees under Family Code section 2030.

13

opportunity to cure any default. According to Ha, these arguments were never raised by Tran, and "[b]y improperly acting as [Tran's] counsel, advocating and litigating for him by raising new arguments to justify the final [r]uling, Judge L[o] robbed [Ha] of equal opportunities to prosecute her case," "severely violated her rights to due process, and caused her substantial prejudice."

Ha has failed to present a developed argument that her rights were somehow violated by the trial court addressing these two grounds, and she therefore has forfeited this argument. (See *Cradduck v. Hilton Domestic Operating Co., Inc., supra*, 112 Cal.App.5th at pp. 304, 306.) Ha cites no case supporting this argument. Nor does she address the fact that, as the moving party, the burden was on her to show she was entitled to fees under the terms of the MSA. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1320 [noting, in the context of a special motion to strike, "[a]s the moving party, the prevailing defendant seeking fees and costs "'bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates'"'"].) In any event, the trial court did not act improperly by addressing those issues, and the court was not "acting as [Tran's] counsel, advocating and litigating for him" by doing so. As discussed, Ha was the moving party and had the burden to show she was entitled to fees under the terms of the MSA. (See *ibid.*) Even if Tran did not

14

raise these issues,[13] the court was well within its rights to consider whether Ha had met her burden.

Ha also argues the trial court erred on the merits in determining she had not presented evidence that she prevailed in an enforcement litigation. According to Ha, she prevailed on her 2019 motion to divide Tran's retirement benefits, and she also prevailed in obtaining attorney fee awards and opposing Tran's motion to stay the order regarding the QDROs in 2021. Ha contends "the moment Judge [Gaffney] ordered the QDRO process to continue and granted [Ha] a total of $32,549.00 in fees per her request, by default, it is automatically settled that not only is she entitled to all the fees that she had incurred and was granted but also all the fees that she is expected and will incur to enforce the terms of said [o]rders to the end." Ha argues that, from the moment Judge Gaffney made those orders, "by default, the subsequent fees connected to the additional legal work needed to make good those orders are guaranteed to [Ha]."

Ha has not cited any legal support for her assertion that "by default" she is "automatically" entitled to any subsequent fees she incurs. We disagree that simply because Ha previously was awarded attorney fees under the MSA (and Family Code section 2030) she is necessarily entitled to any subsequent fees she incurs. The MSA specifies the requirements that must be met for fees to be awarded. Ha had the burden in the trial court to show those

---

[13] Tran argued in the trial court that Ha's claims for non-appellate attorney fees were not in an action or proceeding to enforce the judgment; he therefore sufficiently raised the issue of whether Ha was not entitled to attorney fees under the MSA because she was not a prevailing party in an enforcement action. Indeed, in her appellate brief, Ha concedes that Tran *did* argue in the trial court her "claims for fees do not constitute 'enforcement litigation' warranting attorney's fees under the MSA."

requirements were met and now has the burden on appeal to show the trial court erred, which she has not done.

Ha also asserts the 10-day notice requirement was inapplicable because she had already prevailed in enforcement litigations. Ha again points to Judge Gaffney's prior orders and contends "the issue of the 10-days prior notice is irrelevant and moot since said notice is supposed to precede the filing of [her] motions on [November 19, 2019]—an enforcement litigation." Ha asserts "[t]he time to raise the notice issue was when [Tran] was served with [her] previous actions," and "it is too late to raise the 10-days prior notice argument." (Boldface omitted.) Ha's argument is unavailing because it too proceeds from the faulty premise that any subsequent attorney fees are necessarily part of prior enforcement proceedings under the MSA.

## B. Family Code Section 2030

Family Code section 2030, subdivision (a)(1) provides that "[i]n a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (*Ibid.*)

Additionally, subdivision (a)(2) of Family Code section 2030 provides: "When a request for attorney's fees and costs is made, *the court shall make findings* on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to

16

retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs. . . ." (*Ibid.*, italics added.)[14]

On appeal, Ha argues that, even if she is not entitled to fees under the MSA, she is entitled to all of her requested attorney fees under Family Code section 2030.[15] Ha asserts she satisfied the requirements under Family Code section 2030 and Tran makes "almost [seven] times more than her according to their" 2023 income and expense declarations. (Boldface omitted.) Ha contends the trial court was required to examine whether she was entitled to fees under Family Code section 2030, but the court failed to do so and its ruling did not discuss that section.

---

[14] Family Code section 2032, subdivision (a), provides: "The court may make an award of attorney's fees and costs under [s]ection 2030 or 2031 where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." (*Ibid.*) Subdivision (b) of Family Code section 2032 provides: "In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in [s]ection 4320. The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances." (*Ibid.*)

[15] As discussed above, Ha is not entitled to attorney fees she incurred in connection with the two prior appeals.

We conclude the trial court abused its discretion by not making explicit findings regarding whether Ha was entitled to any of the non-appellate attorney fees she sought under Family Code section 2030. As to findings regarding the request for attorney fees under Family Code section 2030, the court's order does not expressly mention Family Code section 2030; it stated the court was denying "[a]ny other relief intermingled with [Ha's] two trial briefs, totaling 292 pages." Because Ha's request for order identified Family Code section 2030 as one of the bases for her request, the court erred by not making findings regarding the request for attorney fees under that statute.[16] (See *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1030 ["we conclude a trial court must make *explicit* findings on the issues listed in subdivision (a)(2) of [Family Code] section 2030"]; *In re Marriage of Shimkus* (2016) 244 Cal.App.4th 1262, 1279–1280 [concluding "attorney's mere addition of these findings to the original minute order by checking boxes on a form does not satisfy the [Family Code] section 2030 requirement that the court make findings" and reversing and remanding "for the court to make findings as to the request for attorney fees and costs"].) We also conclude the court's failure to make these findings was prejudicial. (See *In re Marriage of Morton*, at p. 1051 [noting the trial court's error in failing to make explicit findings must be prejudicial, and an error is prejudicial when there is "'a

---

[16] On appeal, Tran erroneously asserts Ha's request for order did not seek fees under Family Code section 2030. In fact, Ha's request for order stated it was "made pursuant to the prevailing party provision of the [MSA] which was part of the [d]ivorce [j]udgment *and Family Code [s]ection 2030*." (Italics added.) Ha's December 5, 2023 brief also asserted she was entitled to attorney fees under Family Code section 2030. Indeed, Tran's December 21, 2023 brief in the trial court argued that the court should not award attorney fees and costs under Family Code section 2030.

reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached"'].)

The parties appear to suggest this court should determine whether Ha is entitled to her non-appellate attorney fees under Family Code section 2030. We decline to determine that question in the first instance. Instead, we remand to the trial court to determine whether and to what extent Ha should recover the non-appellate attorney fees she sought under Family Code section 2030.[17]

Additionally, Ha asserts the trial court committed reversible error by not exercising its "equitable powers to protect" Ha's rights. (Capitalizations omitted.) To the extent Ha is suggesting the court was required to award her attorney fees under an equitable power separate from Family Code section 2030, we are not persuaded. The cases cited by Ha do not concern attorney fees awarded based on some independent equitable power. (See *In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 310 [noting a "[f]amily court is a court of equity" and addressing valuation of properties]; *Orange Catholic Foundation v. Arvizu* (2018) 28 Cal.App.5th 283, 286, 293,

---

[17] In his respondent's brief on appeal, Tran also argues Ha's "motion is defective as it failed to meet the requirements for an attorney fee motion, '[Ha] failed to file and serve the income and expense declaration along with the required [*In re Marriage of Keech* (1999) 75 Cal.App.4th 860] declaration.'" Tran's only record citation for this point is to one of his own briefs in the trial court. Tran's argument, however, disregards the fact that Ha filed additional materials, including a declaration of counsel and income and expense declaration, on December 5, 2023. Although the trial court stated it had not considered Ha's January 2024 filings, it did not state it would not consider Ha's December 2023 filings. On remand, the trial court may address whether Ha's request under Family Code section 2030 is insufficient or otherwise should be denied.

19

296 [addressing a court's equitable power under Probate Code section 16440, subdivision (b)].)

Finally, we address the personal attacks leveled by Ha's counsel against the trial court.

It is one thing to argue the court below erred in some respect in making a ruling. That is entirely appropriate—indeed, expected—when a party appeals from a trial court order. "An attorney acts well within their duty as an advocate to raise good-faith arguments challenging rulings, even when it presents an uphill battle. There is nothing inherently improper about making allegations of bias or discrimination against a trial court." (*N.D. v. Superior Court* (2026) 117 Cal.App.5th 1292, 1300.)

It is quite another thing to cross the line from identifying and demonstrating error to making unsubstantiated personal attacks on the trial court's integrity. Ha's counsel crossed that line. Counsel accuses the court of ruling against Ha "due to [the court's] lack of commitment to justice" and to its "obvious and unexplainable extreme bias toward [Ha] and/or her counsel." Counsel goes on to accuse the court of "completely ignor[ing]" the law and "turning a blind eye" to what counsel calls "equitable evidence" that counsel believed supported Ha's request for a fee award. And counsel makes these accusations without pointing to a single fact other than counsel's belief that the court made errors.

"Like all California lawyers, [Ha's counsel] is duty-bound to 'maintain the respect due to the courts of justice and judicial officers.' (Bus. & Prof. Code, § 6068, subd. (b).) [Ha's counsel] must act in a manner that '"instill[s] public confidence in the legal system and our judicial system."'" (*N.D. v. Superior Court, supra*, 117 Cal.App.5th at p. 1300; see also *People v. Ramirez* (2024) 104 Cal.App.5th 315, 319 [it is "a long-standing rule that an

20

appellate brief 'containing matter manifestly disrespectful toward the trial judge'" may be deemed contempt of the appellate court].) "'Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court. Counsel better make sure he or she has the facts right before venturing into such dangerous territory because it is [sanctionable] for an attorney to make the unsupported assertion that the judge was "act[ing] out of bias toward a party."'" (*N.D. v. Superior Court, supra*, 117 Cal.App.5th at p. 1300.) "'The mere fact that the trial court issue[s] rulings adverse to [a party] on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias.'" (*In re M.V.* (2025) 109 Cal.App.5th 486, 517)

Counsel's attacks on the trial court fall short of counsel's professional and ethical obligations. To be sure, as we have found, the court erred in one respect. But *nothing* in this record remotely suggests the court willfully disregarded the law or the facts, ruled as it did because of some bias or animus against Ha or her counsel, or in any way lacks a commitment to fair and equal justice.

Counsel's conduct cannot be justified or excused as "zealous advocacy." It is (or should be) evident that attorneys can zealously advance their clients' interests without resorting to unsubstantiated accusations against the court. We caution counsel in the strongest possible terms that such conduct must not continue.

## DISPOSITION

The postjudgment order is affirmed in part and reversed in part, and the matter is remanded to the trial court for further proceedings and to determine whether and to what extent Ha should be awarded the non-appellate attorney fees and costs she sought under Family Code section 2030. In the interests of justice, the parties are to bear their own costs on appeal.

GOODING, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.